

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLOS PARKS,              ) | |
| )  | |
| Plaintiff,              ) | |
| )  | Civil Action No. 21-533 (UNA) |
| )  | |
| )  | |
| LORETTA LYNCH *et al*.,              ) | |
| )  | |
| Defendants.              ) | |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, is a federal prisoner currently incarcerated at the Federal Medical Center in Rochester, Minnesota. He has filed an application to proceed *in forma pauperis* and a "Complaint for Wrongful Imprisonment as the Result of Malicious Prosecution Pursuant to Title(s) 42 U.S.C. 1983 and 28 U.S.C. 1331 (Bivens Act)" [Dkt. # 1]. The Court will grant the application and dismiss this action pursuant to 28 U.S.C. § 1915A (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff alleges that the government's malicious prosecution of him resulted in deprivations under the Fifth Amendment. *See* Compl. at 2 (invoking due process and equal protection rights). He seeks $5 million in damages based on his seven years of incarceration. *Id*. at 5.

In certain situations, a claim challenging a conviction or imprisonment is "not cognizable unless and until" the conviction or confinement is invalidated via direct appeal or habeas corpus, or declared void by an authorized tribunal. *Harris v. Fulwood*, 611 Fed. App'x. 1, 2 (D.C. Cir. 2015) (per curiam) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). The favorable

termination requirement applies "no matter the relief sought (damages or equitable relief) . . . if success in the action would necessarily demonstrate the invalidity of confinement or its duration." *Id*. (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (internal quotation marks and other alterations omitted)).  The "common-law tort of malicious prosecution [is] a type of claim that accrues only once the underlying criminal proceedings have resolved in the plaintiff's favor." *McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019); *see Moore v. United States*, 213 F.3d 705, 710 (D.C. Cir. 2000) (malicious prosecution elements are "(1) defendant's initiation or procurement of a criminal proceeding against the plaintiff; (2) absence of probable cause for the proceeding; (3) malicious intent on the part of the defendant; and (4) termination of the proceeding in favor of the plaintiff").  The Supreme Court has clarified that the "hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 [and *Bivens*] damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution." *Heck*, 512 U.S. at 486.

Plaintiff has not pled, much less shown, that his conviction or imprisonment has been invalidated in a prior proceeding.  Therefore, this case will be dismissed without prejudice.  A separate order accompanies this Memorandum Opinion.

_____/s/_____
AMIT P. MEHTA
Date:  March 9, 2021                    United States District Judge